**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01937-PAB-BNB

AGRIFIRST LENDING, LLC, as assignee of
FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR NEW FRONTIER BANK,
Plaintiff,

v.

PIONEER FARMS, LLC., a Colorado limited liability company,
FEIZHU FARMS, LLC, a Colorado limited liability company,
RICHARD CARLSON, an individual,
H. WAYNE RICE, an individual,
and RONALD LYNN BROCK, an individual,
Defendants,

v.

CB LAND COMPANY, LLC, a Colorado limited liability company,
Third-Party Defendant.

_____

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO REMAND TO STATE COURT
_____

**This brief Replies to Agrifirst Lending, LLC's Response to Defendants' Joint**

**Motion to Remand to State Court, CM/ECF docket number 43, and supports Defendants'**

**Joint Motion to Remand to State Court, CM/ECF docket number 21 and Defendants'**

**Legal Memorandum in Support, CM/ECF docket number 22.**

Defendants Pioneer Farms, LLC ("Pioneer Farms"), Richard Carlson ("Carlson"), H.

Wayne Rice ("Rice"), Feizhu Farms, LLC ("Feizhu Farms"), and CB Land Company, LLC, ("CB

Land"), Third-Party Defendant, (collectively "Defendants"), by and through their counsel of record, submit the following Reply in Support of their Joint Motion to Remand to State Court:

## SUMMARY

The question raised by Defendants' Joint Motion to Remand is whether federal jurisdiction still exists under 12 U.S.C. § 1819(b)(2)(B) – the sole basis for removal - and whether federal jurisdiction was properly invoked thereunder by FDIC-R.  A finding in Defendants' favor on either issue necessitates remand.  Agrifirst Lending, LLC ("Agrifirst") was substituted as the plaintiff-in-interest on October 19, 2009, and FDIC-R is no longer a party.

In order to meet its burden and avoid remand, Agrifirst must demonstrate that it is entitled to remain in federal court under 12 U.S.C. § 1819(b)(2)(B) and that FDIC-R's removal was timely.  Agrifirst does not have authority to maintain jurisdiction under 12 U.S.C. § 1819(b)(2)(B).  Even if Agrifirst could maintain FDIC-R's removal under 12 U.S.C. § 1819(b), FDIC-R's removal was untimely because FDIC-R did not remove within ninety days of becoming involved with this matter or within ninety days of requesting substitution as a party.  Because the basis for FDIC-R's removal no longer exists and because such removal was untimely, this matter must be remanded to the District Court of Baca County, Colorado.

## A.    Agrifirst Cannot Maintain Federal Jurisdiction under 12 U.S.C. § 1819(b).

Agrifirst purchased the Pioneer Farms' Loans, the primary subject of this case, from FDIC-R leaving FDIC-R with no remaining interest in the Loans.  Thereafter, Agrifirst sought and was granted substitution as the plaintiff herein and FDIC-R was dismissed from this case. Importantly, the only basis FDIC-R asserted for removal was 12 U.S.C. § 1819(b)(2)(B), which

permits FDIC-R to remove any action to which it is party.  Agrifirst, as assignee of FDIC-R, would not be entitled to remove a case under 12 U.S.C. § 1819(b)(2)(B), nor can Agrifirst maintain jurisdiction under 12 U.S.C. § 1819(b)(2)(B).[1]  Agrifirst's arguments concerning the applicability of the *D'Oench Duhme* doctrine are irrelevant to whether jurisdiction can be maintained in federal court under 12 U.S.C. § 1819(b)(2)(B).  *CIT, Inc. v. 170 Willow Street Assocs.*, 1997 WL 528163, at *5 (S.D.N.Y. Aug. 26, 1997).  No basis for federal jurisdiction exists under 12 U.S.C. § 1819(b)(2)(B) and this case must be remanded to state court for further proceedings.

Section 1819(b)(2)(B) of Title 12 requires the *presence* of the FDIC as a party.  *See New Rock Assets Partners, L.P. v. Preferred Entity Advancements,* 101 F.3d 1492, 1499 (3d Cir. 1996) (interpreting parallel language from the removal statute for the Resolution Trust Corporation).  Federal jurisdiction under Section 1819(b)(2)(B) no longer applies once the FDIC-R has disposed of the failed bank's assets.  *New Rock,* 101 F.3d at 1500-01.  The court in *Mill Investments, Inc. v. Brooks Woolen Co., Inc.*, addressed this very issue: "It is clear to the Court that [] policy is not advanced in any significant way by retaining federal jurisdiction once the failed bank's assets have been assigned to a private company."  797 F. Supp. 49, 53-54 (D. Me. 1992) (cited with approval in *New Rock*).

Agrifirst cites *FSLIC v. Griffin*, 935 F.2d 691 (5th Cir. 1991) in support of its position that it can maintain federal jurisdiction under Section 1819(b)(2)(B).  However, *Griffin* was rejected by *New Rock Assets Partners, L.P. v. Preferred Entity Advancements,* 101 F.3d 1492,

---

[1] The Loan Sale Agreement between FDIC-R and Agrifirst addresses this very issue, and does not permit Agrifirst to use any FDIC statutory right or power except the statute of limitations set forth in 12 U.S.C. § 1821(d)(14).  *Loan Sale Agreement*, Section 5.18.  In fact, Agrifirst is specifically not assigned powers under 12 U.S.C. § 1823(e) (the codification of the *D'Oench Duhme* doctrine).  *Id.*  Thus, any argument by Agrifirst that federal question jurisdiction exists under 12 U.S.C. § 1823(e) and the *D'Oench Duhme* doctrine is inapplicable.

1499 (3d Cir. 1996) in favor of *Mill Investments, Inc. v. Brooks Woolen Co., Inc.*, 797 F. Supp. 49, 53-54 (D. Me. 1992).  Moreover, *Griffin* is inapposite to the present case.  The defendant in *Griffin* argued that the state question proviso of the removal statute served as a basis to remand.  935 F.2d at 695.  The court disagreed because certain "non-proviso" parties remained in the suit.  *Id.*  These arguments, which served as the primary basis for the Fifth Circuit's ruling, are not applicable to this case.  Accordingly, *Griffin*'s conclusion is inapposite.

On point are the cases of *Brae Asset Fund, L.P. v. Dion*, 929 F. Supp. 29 (D. Mass. 1996); *Firstsouth, F.A. v. LaSalle Nat'l Bank*, 1991 WL 188649 (N.D. Ill. Sept. 11, 1991); and *CIT, Inc. v. 170 Willow Street Assocs.*, 1997 WL 528163 (S.D.N.Y. Aug. 26, 1997).  In *Brae Asset Fund, L.P. v. Dion*, 929 F. Supp. 29 (D. Mass. 1996), the court analyzed a situation wherein a plaintiff sued in state court after purchasing notes from the FDIC but then tried to remove the case to federal court.  The court held that the assignee did not acquire the FDIC's special right to remove the case.  *Id.* at 31.

In support of its conclusion, the court distinguished *Griffin*: "Cases from other jurisdictions have been unwilling to recognize the right of an FDIC assignee to avoid remand once the FDIC is no longer a party to the federal case."  The assignee purchased economic rights from the FDIC, not "the right to conduct litigation in the federal courts."  *Id.*; *see also Estate of G.R. Rains v. Dinges*, 769 F. Supp. 353, 354 (D. Kan. 1991) (finding that once claims against FDIC were dismissed, "there remains no basis for federal question jurisdiction under 12 U.S.C. § 1819," and the court lacked subject matter jurisdiction).

The court in *Firstsouth, F.A. v. LaSalle Nat'l Bank*, 1991 WL 188649 (N.D. Ill. Sept. 11, 1991) addressed the very situation before this Court.  In *Firstsouth*, the FDIC was substituted

into the position of the mortgagee in a mortgage foreclosure action and subsequently removed the case to federal court.  Thereafter, the FDIC sold the mortgage to a private party.  The court stated that it lacked subject matter jurisdiction once the FDIC had been eliminated as mortgagee. Therefore, the court was required to remand the case back to state court.  *Id*. at *1.

In *CIT, Inc. v. 170 Willow Street Assocs.*, 1997 WL 528163 (S.D.N.Y. Aug. 26, 1997), the court also addressed the issue of whether an assignee of the FDIC could remain in federal court under § 1819(b)(2) after the FDIC was no longer a party.  The court analyzed a number of decisions, including *Griffin*, *New Rock*, and *Mill Investments*.  *Id*. at *5.  The court rejected *Griffin*'s reasoning and found that "the *D'Oench Duhme* doctrine has no relevance" to the issue of whether an assignee may remain in federal court after the FDIC is no longer a party.  *Id.* Citing *New Rock*, the court stated that "§ 1819 does not, by its terms, mandate that federal district courts have jurisdiction over cases where the FDIC has divested itself of any interest in the property at issue."  *Id.* at *6.  Relying on *New Rock*, the court held that Section 1819 alone cannot result in federal jurisdiction over an assignee's claims.  *Id*.

FDIC-R is no longer a party to this case and its only basis for removal, 12 U.S.C. § 1819(b)(2)(B), is no longer applicable.  Because the only basis for removal no longer exists, this case must be remanded to state court.

**B.     Agrifirst Cannot Assert Any Other Basis for Removal at this Late Stage and Fails To Do So.**

To the extent Agrifirst argues that the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e) give rise to a different basis for federal jurisdiction other than the *sole* basis for removal asserted by FDIC-R in its Notice of Removal, Agrifirst's arguments are erroneous and inapplicable. Federal question jurisdiction arises "only when the *plaintiff's statement of his own cause of*

*action* shows that it is based upon [federal law]." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (emphasis added).  In other words, "federal jurisdiction based on a federal question must appear from a plaintiff's 'well-pleaded complaint'" and "anticipation . . . of a federal defense, where the plaintiff's basic cause of action is grounded only in state law, will not suffice to establish original federal jurisdiction."  *Chandler v. O'Bryan*, 445 F.2d 1045, 1055 (10th Cir. 1971); s*ee also Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("we have long ago settled that it is the character of the action and not the defense which determines whether there is federal question jurisdiction"); *Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 800-01 (10th Cir. 1980) ("It is *beyond argument* that a defense predicated upon federal law is not enough by itself to confer federal jurisdiction, even though the defense is certain to arise . . . ") (emphasis added).

New Frontier Bank's original complaint, as now held by Agrifirst, fails to state any cause of action grounded in federal law.  Agrifirst cannot now assert the presence of federal question jurisdiction based on Defendants' affirmative defenses to this foreclosure action or Agrifirst's defenses to Defendants' counterclaims.  Agrifirst's reliance on *Perini Corp. v. FDIC*, 754 F. Supp. 235, 238 (D. Mass. 1991) on this issue is misplaced because *Perini* addressed whether remand was proper based on the state action exception to the FDIC's right to federal jurisdiction under 12 U.S.C. § 1819(b)(2), which is not at issue here.

Even if Agrifirst was correct in asserting that its purported defenses give rise to federal question jurisdiction, it is too late to assert such grounds for this Court to have subject matter jurisdiction.  *See Sullivan v. BNSF Railway Co.*, 447 F. Supp. 2d 1092, 1099-1100 (D. Ariz. 2006) and *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002) ("It would be a

substantial injustice to allow [parties] to remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different, and untimely, ground.").  If Agrifirst or its predecessors had alternative grounds for removal, those grounds should have been asserted at the time of removal.

Agrifirst cannot assert new grounds for removal and its arguments that it *might* be entitled to defenses under the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e) do not transform this case into one involving a federal question.  Even if Agrifirst's purported defenses are valid, which Defendants reject, those defenses can be addressed ably by the District Court of Baca County, Colorado.  *See CIT, Inc. v. 170 Willow Street Assocs.*, 1997 WL 528163, at *5 (S.D.N.Y. Aug. 26, 1997) (citing *New Rock Assets Partners, L.P. v. Preferred Entity Advancements,* 101 F.3d 1492, 1499 (3d Cir. 1996) and *Mill Investments, Inc. v. Brooks Woolen Co., Inc.*, 797 F. Supp. 49, 53-54 (D. Me. 1992)).

**C.     Agrifirst Cannot Demonstrate FDIC-R's Timely Removal.**

Agrifirst cites *Costin Engineering Consultants, Inc. v. Latham*, 905 F. Supp. 861 (D. Colo. 1995) for the proposition that the 90-day removal period under 12 U.S.C. § 1819(b)(2)(B) begins to run from the date the FDIC is formally substituted as a party.  However, the question in *Costin* was whether the plaintiff, by withholding service of process on the FDIC, could "diminish or eliminate the FDIC's removal right . . ." under § 1819(b)(2)(B), not whether the FDIC diminished or waived its own removal rights.  *Id.*  In the case at bar, Defendants did nothing to prevent FDIC-R from removing the case to federal court once it was appointed as receiver for New Frontier Bank.  As is clearly set forth in *Wissel*, the removal period under § 1819 began to run from the time the FDIC was appointed as receiver for New Frontier Bank.  The *Wissel* court

held that interpreting § 1819 "to require 'formal' substitution to trigger the ninety day limitations period . . . is inconsistent with general Federal removal jurisprudence and creates the potential for delay and inefficient resolution of disputes, as well as forum shopping."  881 F. Supp. at 126.

Moreover, FDIC-R's active presence in this litigation until it divested its interests in the Loans worked a waiver of FDIC-R's removal rights.  *See Wissel,* 881 F.Supp. *at 124*; *see also Dalton v. F.D.I.C.*, 987 F.2d 1216, 1221-22 (5th Cir. 1993) (in which the court closely scrutinized the timeliness of the FDIC's removal given its active and ongoing participation in state court proceedings); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (finding that active litigation in state court can act as a waiver of FDIC's removal right).

FDIC-R's Notice of Removal was untimely under 12 U.S.C. § 1819(b)(2)(B) because in this case, the ninety-day removal period should have commenced when FDIC became the Receiver for New Frontier Bank.  Moreover, FDIC-R's continual presence and participation in the state court proceedings has operated as a waiver of FDIC-R's right to remove this case.

## CONCLUSION

Agrifirst is not entitled to maintain this action in federal court because the only basis for removal was FDIC-R's interest as a party.  That basis for federal jurisdiction no longer exists and Agrifirst is not entitled to maintain jurisdiction under 12 U.S.C. § 1819(b)(2)(B).  Moreover, FDIC-R was required to remove this action at an earlier time due to its knowledge and active participation in the state court action.  Accordingly, Defendants Pioneer Farms, Rice, Carlson, Feizhu Farms and Third-Party Defendant CB Land, respectfully request this Court enter its order remanding these proceedings to the District Court of Baca County, Colorado.

Respectfully submitted this 10th day of November, 2009.

SEIGFREID, BINGHAM, LEVY, SELZER & GEE

*s/ Gregory S. Gerstner*
Gregory S. Gerstner, Esq.
911 Main Street, Suite 2800
Kansas City, MO  64105
Telephone: (816) 421-4460
Attorneys for Pioneer Farms, Carlson & Rice


SHINN, STEERMAN & SHINN

*s/ Donald L. Steerman*
Donald L. Steerman, Esq., Reg. No. 23402
PO Box 390
Lamar, CO  81052
Telephone: (719) 336-4313
Fax: (719) 336-4315
Email: dls-sss@centurytel.net
Attorneys for Pioneer Farms, Carlson and Rice


SCRANTON SPECHT & ASSOCIATES, P.C.

*s/ Darla Scranton Specht*
Darla Scranton Specht, Esq., Reg. No. 16193
1204 E. Olive, PO Box 1500
Lamar, CO  81052
Telephone: (719) 336-6887
Fax: (719) 336-9887
Email: darlaspecht@cminet.net
Attorneys for Feizhu Farms


ARTHUR W. PORTER, PROFESSIONAL CORP.

*s/ Arthur W. Porter*
Arthur W. Porter, Esq., Reg. No. 13011
312 South Weber Street, Suite B
Colorado Springs, CO  80903
Telephone: (719) 577-4447
Fax: (719) 227-7255
Email: awpesq@comcast.net
Attorney for CB Land

CERTIFICATE OF SERVICE

It is hereby certified that a copy of this original document (REPLY MEMORANDUM IN
SUPPORT OF DEFENDANTS' JOINT MOTION TO REMAND TO STATE COURT) was
filed with the Court via the Case Management/Electronic Court Filing system on this 10th day of
November, 2009, and notice thereof was served in accordance therewith via electronic mail, to:

Gregory S. Gerstner, Esq.
Julia Gilmore Gaughan, Esq.
Seigfreid, Bingham, Levy, Selzer & Gee
911 Main Street, Suite 2800
Kansas City, MO  64105

Darla Scranton Specht, Esq.,
Scranton Specht & Associates, P.C.
1204 E. Olive, PO Box 1500
Lamar, CO  81052

Laura B. Gill, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street, Suite 500
Denver, CO  80202

Donald L. Steerman, Esq.
Shinn, Steerman & Shinn
PO Box 390
Lamar, CO  81052

Arthur Porter, Esq.
Arthur W. Porter, P.C.
312 South Weber Street, Suite B
Colorado Springs, CO  80903

Jeffrey Q. Jackson, Esq.
Jackson Law Offices, P.C.
9137 E. Mineral Circle, Suite 360
Centennial, CO  80112

Sara E. Walsh, Esq.
Lathrop & Gage, LLP
370 17th Street, Suite 4650
Denver, CO  80202

Randy Schultz
FDIC
2425 35th Avenue
Greeley, CO  80634

Bart B. Burnett, Esq.
Pearson, Horowitz & Burnett, P.C
1775 Sherman 31st Floor
Denver, Colorado 80203

s/Donald Steerman